The judgment of the court was pronounced by
Rost, J.
The plaintiff alleges, that the defendant has, to his great damage and injury, constructed levees or dams upon his estate, and adjoining the lands of' the petitioner, whereby the natural flow of the waters is arrested, and they are made to overflow his lands. He prays that the defendant be compelled to remove those levees or dams, and to pay damages.
The answer contains a general denial, and further avers, that the land of the defendant is the superior estate, and owes no servitude to that of the plaintiff. That the natural flow of the waters along the line of the levee complained of is in a direction parallel with it. That the levees or dams complained of have existed lor more than fifteen years without any opposition from the plaintiff or his vendors, and that he has waived by his silence any rights he might have. That the said levees or dams were not constructed with the intention of arresting the natural flow of the waters on the plaintiff’s land, but for the purpose of counteracting the effect of two wide draining canals now existing on his estate, which accumulate the water in large bodies, raise it above its level, and force it with great rapidity through the defendant’s land. That those canals extend far *425 beyond the cultivated lands of the plaintiff; that they change the natural course of the waters, and should hot be permitted to continue open. That the coulées, through which some of the water that falls on the plaintiff's land finds its way on the defendant’s estate, are the result of crevasses, and cannot be considered natural drains.
The case was tried before a jury, who found in favor of the defendant. The plaintiff has appealed from the judgment rendered upon this verdict.
On the trial of the cause, the defendant’s counsel propounded to Felix Garcia, and to other witnesses introduced by him, the following question: From your experience as a planter, and your knowledge of the localities, which do you cousider the best means of draining the land of the plaintiff and of his neighbors, and to empty the surface waters into bayou Pin? To which question the plaintiff’s counsel excepted, on the ground that it was wholly irrelevant to the issue. That the question to be decided was Whether the plaintiff’s plantation' drained naturally upon the plantation of the defendant from their relative situations, and not whether a system of artificial draining could be devised, which could carry off the water from the plantation of the plaintiff and his neighbors; arid that the tendency of all such testimony was to mislead the jury. But the court admitted the testimony; and the plaintiff took a bill of exceptions.
The defendant’s counsel also asked the witness £>urgi, who is a civil engineer, .whether he knew any portion of France which at all resembles the alluvial portion of Louisiana? which question was put for the purpose of showing that the text of the Louisiana Code, under which the action was brought, was inapplicable to lower Louisiana, because the corresponding text of the Code of France, from which our text was copied, was enacted for a countiy of which the surface and topography are different.
The plaintiff’s counsel objected to the introduction of this evidence, on the ground that the causes which influenced the legislators of France could have no influence upon or connection With a positive provision of our own law, which, it must be presumed, was enacted to meet our own necessities. That its applicability was to be tested by the local and relative positions of the places in relation to which it was invoked ; and that such testimony tended to distract the minds of the jury, and to divert them from the real issue.
The court permitted the question to be answered; and the plaintiff's counsel took another bill of exceptions.
We are of opinion, that the district judge erred and that the testimony objected to should not have been received. It was irrelevant to the issue, and well calculated to mislead the jury. The cause, must therefore be remanded.
The issue in this case is the same as in Martin v. Jett, 12 L. R. 501, and presents the same difficulty in applying the law, on which the plaintiff relies.
The alluvial soil of Louisiana cannot be profitably cultivated without frequent open drains, the necessary effect of which is to accumulate the waters which pi-eviously flowed naturally over the surface into those drains, and to render the servitude of inferior estates more burthensome, in violation of art. 656, C. C.
The owner of the inferior estate, on the other hand, has no means of protecting himself against that infringement upon his legal rights, without arresting the natural flow of the waters, and thus violating the first paragraph of the same article.
To obviate this difficulty, the Code of France provides that courts of justice are to decide in such a manner as will reconcile the respect due to property with the interests of agriculture. This discretion is not expressly given to us. But *426 more ample and benefieient powers on this subject have been vested elsewhere by the Legislature.
The act of 1813, further defining the organization, authority and functions of police juries, provides that they shall b’e empowered to cause to be opened again such ancient natural drains as have been obstructed by the owner of the adjacent lands, and to prescribe the mode to be observed in that respect. That act also provided that when a point of land on the Mississippi shall be divided among several proprietors-, and it shall be found necessary to dig one or more common draining ditches, the police jury shall have power to ordain that the ditches be dug at the expense of the owners of the land, and that the expense be borne by a contribution among them, to be levied in such manner as the police juries may prescribe.
These powers are ample to meet the present case, and to remove all the difficulties which are shown to exist in relation to draining the point of Bonnet Carre.
We therefore earnestly recommend the parties to-this suit to avail themselves of the provisions of this law, and not to force us to make a decision which may be injurious to both. The police jury have the right to determine how lands situated as these are shall be drained, without regard to their relative position; and if any rational system of drainage be ordered by them, it shall be respected and enforced by us.
It is therefore ordered, that the judgment in this case' be reversed, and the case remanded for further proceedings according to law, with directions to the district judge not to admit the testimony excepted toby the plaintiff in the former trial. It is further ordered and decreed, that the defendant and appellee pay the costs of this appeal.